UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE | |
| Plaintiff | |
| VS. | Case No. 1:16-cv-174 |
| ANN ROE | |
| Defendant | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT ANN ROE

Now comes the Defendant Ann Roe and answers the allegations of Plaintiff's complaint, and bring her Counterclaim, as follows:

As to the allegations contained in the unnumbered preliminary paragraph, this paragraph seeks prayer for relief to which the Defendant need not to respond. To the extent this paragraph contains allegation of fact, they are denied.

*Parties*

1. Roe admits the Plaintiff is a college student as alleged. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and leaves Plaintiff to his proof.

2. Admitted.

*Jurisdiction and Venue*

3. Roe admits that the parties are citizens of different states. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and leaves plaintiff to his proof.

4. This paragraph contains allegations of jurisdiction to which Roe need not respond.

5. This paragraph contains allegations of venue to which Roe need not respond.

### *Factual Background*

6. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

7. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

8. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

9. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

10. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

### *Kay Stiles*

11. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, thereby leaving Plaintiff to his proof.

12. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, thereby leaving Plaintiff to his proof.

13. Roe admits that Plaintiff and Kay Stiles, along with numerous other students, were sitting in this area. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

14. Roe admits that Plaintiff and Kay Stiles, along with several other students, were walking to the dining hall. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

15. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, thereby leaving Plaintiff to his proof.

### *Ann Roe*

16. The allegations in this paragraph are argumentative and misleading as stated, and are therefore denied.

17. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise presented out of context and are misleading as stated and are therefore denied.

18. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise presented out of context and are misleading as stated and are therefore denied.

19. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise presented out of context and are misleading as stated and are therefore denied.

20. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise presented out of context and are misleading as stated, and are therefore denied.

21. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

22. Roe admits that the parties communicated by text messaging. The factual allegations in this paragraph are otherwise argumentative and misleading as stated and are therefore denied.

23. Roe admits that she agreed to watch a movie with the Plaintiff. The allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

24. The allegations in this paragraph are argumentative, presented out of context and misleading as stated and are therefore denied.

25. Roe admits that she met the Plaintiff at J. Walter Wilson Hall to watch a movie. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph that access could not be gained to any rooms at Wilson Hall and this allegation is therefore denied. The remaining allegations in this paragraph are misleading as stated and are therefore denied.

26. Roe admits that the Plaintiff stated she looked pretty. The remaining allegations in this paragraph are denied.

27. Denied

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

34. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

35. Roe admits that the parties communicated by text messaging and those documents speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

36. Roe admits that her relationship with a boyfriend came to an end in December 2014. The remaining allegations in this paragraph are otherwise argumentative and misleading as stated and are therefore denied.

37. The allegations in this paragraph are argumentative, presented out of context and misleading as stated and are therefore denied.

38. The allegations in this paragraph are argumentative, presented out of context and misleading as stated and are therefore denied.

### *The Belated Allegation*

39. Roe admits that she communicated with Kay Stiles by Facebook messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise incomplete, presented out of context, and misleading as stated and are therefore denied.

40. Roe admits that she communicated with Kay Stiles by Facebook messaging and those communications speak for themselves. The factual allegations in this paragraph are

otherwise incomplete, presented out of context, and misleading as stated and are therefore denied.

41. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiff to his proof.

42. The allegations in this paragraph are argumentative, presented out of context and misleading as stated and are therefore denied.

43. The allegations in this paragraph are argumentative and misleading as stated and are therefore leaves Plaintiff to his proof.

44. Denied.

45. Roe admits that she communicated with Kay Stiles by text messaging and those communications speak for themselves.

46. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

47. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise argumentative, presented out of context and misleading as stated and are therefore denied.

48. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph that Kay Stiles did not respond to text messages from the Plaintiff and leaves Plaintiff to his proof. Roe admits that she communicated with Kay Stiles by text messaging and those communications speak for themselves. The factual allegations in this paragraph are otherwise incomplete, presented out of context, and misleading as stated and are therefore denied.

49. Denied.

50. Roe admits that the parties communicated by text messaging and those communications speak for themselves. The allegations in this paragraph are otherwise argumentative and misleading as stated and are therefore denied.

51. Roe admits sending an email communication on April 29, 2015 which speaks for itself. The factual allegations in this paragraph are otherwise incomplete, presented out of context, and misleading as stated and are therefore denied.

52. Roe admits that the Plaintiff was not elected. The remaining allegations in this paragraph are denied.

53. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph concerning the conduct of the Plaintiff and leaves Plaintiff to his proof. Roe admits that Kay Stiles and she met with one member of the board. The remaining allegations in this paragraph are otherwise incomplete, presented out of context, and misleading as stated and are therefore denied.

54. Roe admits that she met Kay Stiles in the cafeteria. The remaining allegations in this paragraph are denied.

55. Roe admits that she filed a complaint with the University against the Plaintiff, which speaks for itself.

56. Roe admits she requested that disciplinary action be taken against the Plaintiff.

57. Admitted.

58. The allegations in this paragraph are vague and misleading as stated, and are therefore denied.

59. Denied.

60. Admitted.

61. The allegations in this paragraph are argumentative, taken out of context and misleading as stated, and are therefore denied.

62. Roe admits that disciplinary action was taken against the Plaintiff by the University. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations for this paragraph and leaves Plaintiff to his proof.

63. Roe denies that the University has not found the Plaintiff responsible, and admits that sanctions have been imposed upon the Plaintiff by the University.

64. Roe denies that the disciplinary action against the Plaintiff has not been adjudicated. Roe has no knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and leaves Plaintiff to his proof.

## Count I

### *Defamation*

65. In response to the allegations contained in paragraph 65, Roe reiterates and reasserts her responses to paragraphs 1 through 64 and incorporates the same by reference herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. This paragraph contains conclusions of law to which Roe need not respond. To the extent this paragraph contains allegations of fact, they are denied.

75. This paragraph contains conclusions of law to which Roe need not respond. To the extent this paragraph contains allegations of fact, they are denied.

76. This paragraph contains conclusions of law to which Roe need not respond. To the extent this paragraph contains allegations of fact, they are denied.

77. Denied.

78. Denied.

79. This paragraph contains conclusions of law to which Roe need not respond. To the extent this paragraph contains allegations of fact, they are denied.

80. This paragraph contains conclusions of law to which Roe need not respond. To the extent this paragraph contains allegations of fact, they are denied.

81. Denied.

82. Denied.

## Affirmative Defenses

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred by the doctrine of res judicata.

4. Plaintiff's claims are barred by the doctrine of collateral estoppel

5. Defendant alleges the truth of the statements alleged.

6. Defendant alleges that any injury or damage suffered by the Plaintiff, if any be proven, was caused solely by reason of his wrongful acts and conduct.

7. Defendant alleges privilege with respect to any alleged statements.

8. Defendant alleges that the statements alleged are not libelous per se

9. Defendant alleges that she has acted in good faith.

10. Defendant alleges absence of ill will or malice.

11. Defendant alleges lack of publication.

12. Defendant alleges that her actions, if any are proven, were legally justified.

13. Defendant alleges that her actions, if any are proven, were in all respects reasonable, proper and legal.

WHEREFORE, Defendant Ann Roe prays that this Honorable Court deny each and every prayer for relief contained in Plaintiff's Complaint; enter judgment for Defendant Ann Roe on Plaintiff's Complaint; and provide Defendant Ann Roe such other relief as this Honorable Court deems meet and just.

### Claim of Trial by Jury

Defendant Ann Roe hereby claims trial by jury on all issues so triable.

Defendant Ann Roe,
By her Attorneys,

THE BREGGIA LAW FIRM
395 Smith St. Providence, RI 02908
Telephone: (401) 831-9100
Facsimile: (401) 831-0129
sbreggia@alphalaw.us

*/s/ Stephen E. Breggia*
STEPHEN E. BREGGIA, #2865

LAW OFFICES OF SONJA L. DEYOE
395 Smith St. Providence, RI 02908
Telephone: (401) 864-5877
Facsimile: (401) 354-7464
sld@the-straight-shooter.com

/s/ *Sonja L. Deyoe*
Sonja L. Deyoe, #6301

**Dated: July 25, 2016**

# COUNTERCLAIM

## Parties

1. The Defendant / Counterclaim Plaintiff Ann Roe is a resident of a foreign state; and not the same state as Plaintiff / Counterclaim Defendant John Doe.

2. The Plaintiff/Counterclaim Defendant John Doe is a resident of a foreign state.

## Jurisdiction and Venue

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Roe and Doe are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

4. This Court has personal jurisdiction over Ann Roe on the grounds that she resides part-time in Providence and attends ABC University.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**Factual Background**

6. At all times relevant hereto, Ann Roe and John Doe were students at ABC University.

7. On November 10, 2014, Ann Roe and John Doe met to watch a movie early in the morning.

8. At said time and place, John Doe forced Ann Roe to engage in sexual contact with him, including forcible digital penetration upon Ann Roe and coercing her to perform oral sex upon him.

9. Ann Roe did not consent to these acts.

## COUNT I

*Sexual Battery*

10. The allegations of the preceding paragraphs of this Counterclaim are hereby realleged and incorporated by reference as if set forth in full herein.

11. The actions of John Doe constitute a sexual battery on Ann Roe.

12. As a direct and proximate result of the sexual battery, Ann Roe has suffered stress, emotional distress and mental pain and suffering and adverse physical consequences.

13. As a further direct and proximate result of the sexual battery by John Doe, Ann Roe has suffered physical pain and suffering.

14. As a further direct and proximate result of the sexual battery by John Doe upon Ann Roe, Ann Roe has incurred special damages, including legal expense.

15. The sexual battery perpetrated by John Doe upon Ann Roe was an intentional act.

16. The conduct of John Doe demonstrates willful, reckless, and intentional conduct and that entire want of care raises a conscious indifference to consequences.

17. Said conduct of John Doe justifies the implication of punitive damages against him to prevent the repetition of said conduct.

## COUNT II

### *Intentional Infliction of Emotional Distress*

18. The allegations of preceding paragraphs of the counterclaim are hereby realleged and incorporated by reference as if set forth in full herein.

19. John Doe engaged in unwanted and unconsented to sexual contact with Ann Roe as set forth above, intentionally, or in reckless disregard of the probability of causing emotional distress to Roe.

20. John Doe's conduct in sexually battering Ann Roe is extreme and outrageous conduct in that it constitutes conduct which goes beyond all possible bounds of decency, and is generally regarded as atrocious, and utterly intolerable in a civilized community.

21. As a result of John Doe's conduct, Ann Roe has suffered severe emotional distress to include the impact of the trauma on her mental and emotional state which has impacted her physical and mental health and wellbeing.

WHEREFORE, Counterclaim Plaintiff Ann Roe demands judgment against Counterclaim Defendant John Doe as follows:

a. An award special damages and compensatory damages in an amount shown to be reasonable and just by the evidence, and in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

b.  That all costs of this action be assessed against Counterclaim Defendant, John Doe, including all reasonable attorney's fees and expenses of this action, and;

c.  That Counterclaim Plaintiff Ann Roe be awarded such other relief as this Court deems just and proper.

## Claim of Trial by Jury

Defendant Ann Roe hereby claims trial by jury on all issues so triable.

        Defendant /Counterclaim Plaintiff
        Ann Roe,
        By her Attorneys,

        THE BREGGIA LAW FIRM
        395 Smith St. Providence, RI 02908
        Telephone:  (401) 831-9100
        Facsimile:    (401) 831-0129
        sbreggia@alphalaw.us

        */s/ Stephen E. Breggia*
        STEPHEN E. BREGGIA, #2865


        LAW OFFICES OF SONJA L. DEYOE
        395 Smith St. Providence, RI 02908
        Telephone:  (401) 864-5877
        Facsimile:    (401) 354-7464
        sld@the-straight-shooter.com

        /s/ *Sonja L. Deyoe*
        Sonja L. Deyoe, #6301

**Dated: July 25, 2016**

**<u>Certification</u>**

I hereby certify that on the **25th day of July 2016** I caused a copy of this *Answer and Counterclaim* to be served upon counsel of record using the CM/ECF System.

    J. Richard Ratcliffe, Esq.
    rratcliffe@rhbglaw.com

    Jeffrey Biolchini, Esq.
    jbiolchini@rhbglaw.com

                                /s/ *Stephen E. Breggia*
                                STEPHEN E. BREGGIA